**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CR-122-GKF |
| | ) |
| RICHARD DALE MONTGOMERY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the court is defendant Richard Dale Montgomery's Motion for Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253 [Dkt. #152].

**Motion for Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c)(1), a defendant is required to obtain a certificate of appealability before appealing a final order in a habeas corpus proceeding. Section 2253(c) instructs that the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Defendant argued in his habeas corpus motion that trial counsel was ineffective in the following respects: (1) counsel failed to obtain the hard drive from defendant's computer and/or to request a continuance of trial in order to obtain the hard drive; (2) counsel failed to comply

with defendant's request to call four character witnesses at the sentencing hearing as mitigating evidence; and (3) counsel failed to comply with defendant's request to file a direct appeal from his conviction and sentence. Following an evidentiary hearing, Magistrate Judge T. Lane Wilson filed a Report and Recommendation in which he recommended denial of the habeas corpus motion. Montgomery objected to the Report and Recommendation, and the court, after conducting a *de novo* review, accepted the Report and Recommendation and denied Montgomery's habeas corpus motion.

Having reviewed the record, the court concludes that a certificate of appealability should not issue. Defendant has not made a substantial showing of the denial of a constitutional right. Nothing suggests that the Tenth Circuit would find that this court's determination of issues raised by defendant in his habeas corpus motion were debatable among jurists. *See Dockins v. Hines*, 374 F.3d 935 (10th Cir. 2004).

Accordingly, defendant's request for a certificate of appealability must be denied.

## Conclusion

Defendant's Motion for Certificate of Appealability [Dkt. #152] is denied.

ENTERED this 2nd day of April, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT